**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**OLALEKAN PETER OLUFEMI,**

**Plaintiff/Counter-Defendant,**

**vs.** **Case No: 8:05-CV-1798-T-17-TBM**

**YOUR CARE CLININCS, LLC, a Florida Limited Liability Corporation And MILIND SHASTRI, individually**

**Defendants/Counter-Plaintiffs.**

_____________________________________________/

**ORDER ON THE COUNTER-DEFENDANT'S MOTION TO DISMISS THE COUNTERCLAIM**

**THIS CAUSE**, came before the Court on the Plaintiff/Counter-Defendant's (Plaintiff), Olalekan Peter Olufemi, Motion to Dismiss Defendants/Counter-Plaintiffs' (Defendants) Counterclaims for lack of subject matter jurisdiction, filed on November 23, 2005, and, pursuant to the Fed. R. Civ. P. (Dkt. 12). Also before this Court is the Defendants' Response and Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss Defendants' Counterclaim for Lack of Subject Matter Jurisdiction & Incorporated Memorandum of Law. (Dkt.17). After considering the motion, record, and applicable law, the Plaintiff's Motion is denied.

BACKGROUND/PROCEDURAL HISTORY

The Plaintiff, Olufemi, a former employee of Defendant, Your Care Clinics, LLC, (Your Care) filed a complaint on September 27, 2005, asserting claims under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the FLSA), Article X, Section 24 of the Florida Constitution, and under Section 448 of the Florida Statutes. (Dkt. 1). In his complaint, Plaintiff also named Milind Shastri (Shastri) as a Defendant. On November 3, 2005, the Defendants/Counter-Plaintiffs filed an Answer, Affirmative Defenses and Counterclaim. (Dkt. 10).

**Case No: 8:05-CV-1798-T-17-TBM**

On July 30, 2004, Plaintiff, Olufemi, entered into a written Physician Employment Agreement with the Defendant, Your Care, for employment as a physician employee. Your Care is a Florida Limited Liability Company that operates in Pinellas County. Plaintiff contends that Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made to ensure that Plaintiff was paid at the minimum wage for each hour worked within a work week. Specifically, Plaintiff argues that, contrary to 29 U.S.C. § 206 and contrary to Article X, Section 24 of the Florida Constitution, the Defendants refused to compensate him at minimum wage for each hour Plaintiff worked during his final weeks of employment with the Defendants. Furthermore, Plaintiff claims that Defendants failed to compensate him the wages that were agreed upon pursuant to the Physician Employment Agreement, in the amount of $7,000.00 for the final weeks of Plaintiff's employment.

In response, Defendants contend that Plaintiff was terminated for cause on December 10, 2004, and received all sums to which he was entitled, which was "well more than minimum wage," under the July 30, 2004, Physician Employment Agreement. (Dkt.10). Defendants filed an answer/affirmative defense alleging that Plaintiff breached the Physician Employment Agreement by terminating on less than ninety (90) days notice as required by section 13.3 of the Physician Employment Agreement. (Dkt.10). Defendants also filed a counterclaim contending that Plaintiff willfully violated the restrictive covenant agreement as set forth in paragraph 11 of the Physician Employment Agreement because he is now practicing medicine at two hospitals which are within fifteen (15) miles of the Defendants' office. (Dkt.10). *See* Fla. Stat. § 542.335.

In response to Defendants' counterclaim, on November 23, 2005, Plaintiff filed a "Motion to Dismiss Defendants' Counterclaims for Lack of Subject Matter Jurisdiction." (Dkt.12). Plaintiff argues that Defendants' counterclaim is permissive rather than compulsory and is "entirely distinct from those facts needed to support Plaintiff's FLSA claim." (Dkt. 12, P.2). On the contrary, Defendants contend that the counterclaim is compulsory because there is a logical relationship between "Plaintiff's Complaint for

alleged unpaid wages and the compulsory Counterclaim of Defendants seeking enforcement of a restrictive covenant not to compete." (Dkt.17, P.3). Furthermore, Defendants assert that the Physician Employment Agreement between Plaintiff and the Defendants covers both the terms of Plaintiff's compensation, which is the subject of Plaintiff's Complaint for unpaid wages, and the enforcement of the restrictive covenant not to compete, which is the subject of the Defendants counterclaim.

STANDARD OF REVIEW

Plaintiff argues that Defendants' Counterclaim should be dismissed pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. In ruling on a motion to dismiss a counterclaim for lack of subject matter jurisdiction, "the Court must consider the allegations in the Defendant's counterclaim as true." *Savannah Forestry Equipment, Inc. v. Savannah Equipment Inc.*, 1992 WL 249882 at *1 (S.D.Ga. 1992) (citations omitted). In any civil action over which the district court has original jurisdiction, the district court shall also have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2005). Defendants seek to have their state law claims, specifically, the restrictive covenant not to compete, heard in federal court as supplemental claims falling under 28 U.S.C. § 1367(a) (2005).

Whether to exercise supplemental jurisdiction over state law claims is inherently a fact-specific inquiry. *See Lyons v. Whisman*, 45 F.3d 758 (1995). Federal courts have the power to hear state law claims under its pendant jurisdiction and courts automatically have ancillary jurisdiction over compulsory counterclaims. *Savannah*, 1992 WL 249882 at *1. In determining whether a defendant's claim is compulsory, Rule 13(a) of the Federal Rules of Civil Procedure provides the governing standard. *Hana v.* Plumer, 380 U.S. 460 (1965). Pursuant to Rule 13(a), a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."

**Case No: 8:05-CV-1798-T-17-TBM**

The Eleventh Circuit employs the "logical relationship" test to determine whether a counterclaim arises out of the same transaction or occurrence as the cause of action that underlies a case. *Richardson v. Trainer*, 2003 U.S. Dist. LEXIS 13829 at 10-11 (S.D. Fla. 2003); *See alsoPlant*, 598 F.2d 1351 (5th Cir. 1979). The logical relationship test asks whether a counterclaim arises from the same aggregate of operative facts in that the same facts serve as the basis of both claims.

DISCUSSION

Plaintiff seeks to dismiss Defendants counterclaim for breach of the covenant not to compete asserting that the Defendants' counterclaim is not compulsory because the Defendants' state law claims are entirely distinct from those facts needed to support Plaintiff's FLSA claim. (DKT. 12, P.2). Because Defendants' counterclaim alleges state law claims, this Court's subject matter jurisdiction over the counterclaim is supplemental. *Richardson*, 2003 U.S. Dist. LEXIS 13829 at 10. In order to have supplemental jurisdiction over state law claims, "it must be shown that the state law claims presented are compulsory, rather than permissive." *Id.* Thus, the principle question presented by Plaintiff's motion to dismiss Defendants' counterclaim is whether the counterclaim is compulsory under the Federal Rules of Civil Procedure such that this Court has subject matter jurisdiction over it under the doctrine of ancillary jurisdiction. *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926).

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966), the court noted that in order to have supplemental jurisdiction, the federal court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a common nucleus of operative fact. After carefully considering the basis for Plaintiff's FLSA claim and Defendants' counterclaim for breach of the covenant not to compete, this Court finds that both arise "from a common nucleus of operative facts." At the center of both claims is the July 30, 2004, Physician Employment Agreement between the Plaintiff and Defendants. The Court finds that the basis of Defendants'

**Case No: 8:05-CV-1798-T-17-TBM**

counterclaim, the covenant not to compete, is an integral part of the employment contract and thus, bears a logical relationship with Plaintiff's FLSA claim.

In determining whether a counterclaim is compulsory, the court is to consider judicial economy and inconvenience to the counterclaimant in having to bring a claim arising out of fundamentally the same facts in a separate action. *Revere Copper &Brass, Inc. v. Aetna Casualty and Surety Co.*, 426 F.2d 709, 715 (5th Cir. 1970). This Court finds that, because Plaintiff's FLSA claim and Defendants' counterclaim involve many of the same factual and legal issues, and are offshoots of the same basic controversy between the parties, granting Plaintiff's motion to dismiss would involve "substantial duplication of effort and time by the parties and the courts." *See id.* at 714. Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. 12) be **DENIED** and the Plaintiff shall have (10) days from this date to answer the counterclaim.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 3rd day of February 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.

**Case No: 8:05-CV-1798-T-17-TBM**